IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEL LEE PROPERTIES, INC.<br>    Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§<br>§ | CIVIL ACTION NO. _____ |
| ESSEX INSURANCE COMPANY, and<br>MICHAEL COX<br>    Defendants. | §<br>§<br>§<br>§ | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Evanston Insurance Company, as successor by merger to Essex Insurance Company ("Evanston") in Cause No. B-17-1371-CV-A, pending in the 36th District Court of Bee County, Texas, files this Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows the Court the following:

### I.    FACTUAL BACKGROUND

1    This is an insurance claim based on alleged property damage to a commercial property located in Beeville, Texas. On or about July 21, 2017, Kel Lee Properties, Inc. ("Kel Lee" or "Plaintiff") filed its Original Petition in the matter styled as Cause No. B-17-1371-CV-A; *Kel Lee Properties, Inc. v. Essex Insurance Company, et al*; in the 36th Judicial District Court of Bee County, Texas. According to Plaintiff's Original Petition, Evanston insured the property

and Michael Cox ("Cox") handled the claims process. Plaintiff asserts that both Evanston have and Cox have delayed and underpaid the claim.

2. Plaintiff served Evanston with its Original Petition on or about August 8, 2017. Evanston filed its Original Answer and General Denial on September 1, 2017. Accordingly, Evanston files this timely Notice of Removal within thirty (30) days of receiving service of process and citation. *See* 28 U.S.C. §1446(b).

## II. BASIS FOR REMOVAL

3. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### A. The Proper Parties Are Diverse

4. Upon information and belief, Plaintiff is, and was at the time the lawsuit was filed, a corporation domiciled in Texas.

5. Evanston is an Illinois corporation with its principal place of business in that state.

6. Defendant Michael Cox is an individual domiciled in the State of Texas and is classified as a citizen of the State of Texas. Nevertheless, Cox has been improperly joined and his citizenship should be disregarded for the purposes of evaluating diversity jurisdiction.

### B. Improper Joinder Standards

7. This Court should find that Cox has been improperly joined solely to defeat diversity. A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). To determine "whether the complaint states a claim under state law against the in-state

defendant," courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573.

8.   The Fifth Circuit has recently clarified that for the improper joinder analysis, pleadings must satisfy the federal pleading standard: <u>not</u> Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard'") (emphasis original) (internal citations omitted).  This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Rule 9(b).  *See, e.g., Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.*, No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016).  When these principles are applied, it is evident that Cox has been joined solely to defeat diversity jurisdiction.

C.   **Cox Has Been Improperly Joined**

9.   Plaintiff cannot establish any claim against Cox individually that would show he is properly joined.  First, Cox was acting on Evanston's behalf and any of his actions were necessarily those of Evanston, a point which Section IV of Plaintiff's Original Petition concedes.  As such, Plaintiff has failed to state an actionable claim against Cox as an individual defendant.

10.   Next, Plaintiff has not alleged any specific facts against Cox himself that would lead to individual liability.  Each allegation against him is either couched in the plural "Defendants" or otherwise describes Cox acting within the course and scope of his employment. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *TAJ Prop., LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) (holding that an adjuster was improperly joined when all claims were made generally against "Defendants" without specific allegations regarding the adjustor's actions). While an adjuster may theoretically

be liable for a violation of the Insurance Code, a plaintiff must nevertheless allege some factual basis that would support individual liability. *Id.* Because Plaintiff has not done so against Cox, it is evident that he has been improperly joined solely to defeat diversity jurisdiction.

11.   Moreover, many of the causes of action asserted against Cox are not even actionable against individual adjusters. Several courts have already ruled that many of the commonly asserted causes of action against insurance adjusters – just like those here – are not actionable. For example:

- Plaintiff cannot recover against Cox under Insurance Code §541.060(a)(2)(A). *Mainali Corp.*, 2015 WL 5098047 at *4, *citing One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277 at*4 (N.D. Tex. Dec. 11, 2014); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.,* No. 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016). This is the case because an adjuster merely assesses the claimed damages without any settlement authority on behalf of the insurer. *Id.*

- Plaintiff cannot recover against Cox under Insurance Code §541.060(a)(3). *Lopez v. United Prop. & Cas. Ins. Co*., No. 3:16-CV-0089, 2016 WL 3671115, at *4 (S.D. Tex. July 11, 2016) *citing id.* Not only does an adjuster not have authority to affirm or deny coverage to a policyholder, an adjuster also does not have an actual obligation to provide a reasonable explanation of the basis in the policy for the insurer's position. *Id.*

- Plaintiff cannot recover against Cox under Insurance Code §541.060(a)(7). *Id.* As with the preceding sections, the people who can be held liable are those with the actual ability to pay the claim, not the individual responsible for conducting the investigation.

- Plaintiff also cannot recover against Cox for any violations of Chapter 542 because it "only applies to specifically listed 'insurers,' and [Cox], an adjuster, is not an insurer." *Mainali Corp*., 2015 WL 5098047; *see also Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 723 (N.D. Tex. 2014).

- Plaintiff cannot recover on its DTPA claims against Cox for the same reasons that it cannot recover on its Insurance Code causes of action. *Id.*

As these claims are not actionable against Cox, they do not provide a basis to predict recovery against him.

12.   The same is true of Plaintiff's claims for alleged misrepresentations, which must meet the heightened scrutiny of Rule 9(b). *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir.

**DEFENDANT'S NOTICE OF REMOVAL – PAGE 4**

2015). The only misrepresentations alleged by Plaintiff occurred after the loss in question. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, H-10-1846, 2011 WL 240335, at *11 (S.D. Tex. Jan. 20, 2011) ("Texas courts consistently hold [post-loss misrepresentations] do not give rise to DTPA or Insurance Code liability, especially when they pertain to coverage."), *citing Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 & n. 55 (Tex. 1990). Moreover, Plaintiff does not allege how it relied on any purported misrepresentation or how it was somehow damaged by them apart from any benefits that were due under the policy. Other courts in this district have recognized that when misrepresentation claims arise solely from the insurance contract, they do not state an actionable claim against the individual adjuster. *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's, London*, CV H-16-234, 2016 WL 4494439, at *5 (S.D. Tex. Aug. 26, 2016) (internal citations omitted). As a result, these facts show that Plaintiff cannot recover on a claim for misrepresentation against Cox.

**F.   The Amount in Controversy Exceeds the Jurisdictional Requirements for Diversity Jurisdiction.**

13.   The amount in controversy requirement for diversity jurisdiction is satisfied in this case as demonstrated by Plaintiff's Original Petition in which Plaintiff alleges that it "seeks "monetary relief over $200,000.00 but not more than $1,000,000.00." *See* Plaintiff's Original Petition at Section II. This amount exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III.   REMOVAL IS PROCEDURALLY CORRECT

14.   Plaintiff served the Texas Department of insurance on August 8, 2017, and Evanston received service on August 15, 2017. Accordingly, Evanston files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).

15. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this District and Division.

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

17. Pursuant to 28 U.S.C. §1446(d), promptly after Evanston files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

18. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Bee County District Court, promptly after Evanston files this Notice.

### IV.    CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal, which are incorporated by reference, Defendant Evanston Insurance Company, as successor by merger to Essex Insurance Company, hereby removes this case to this court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By:   s/Cyrus W. Haralson
      Cyrus W. Haralson
      Attorney-In-Charge
      State Bar No. 24065371
      Southern District Bar No. 1542111
      E-mail: charalson@thompsoncoe.com

      Christopher H. Avery
      Of Counsel
      State Bar No. 24069321
      Southern District Bar No. 1048951
      E-mail: cavery@thompsoncoe.com

One Riverway, Suite 1400
Houston, TX 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I hereby certify that on September 12, 2017, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to plaintiff's counsel of record F. Blake Dietzmann and Rick Gonzales, LAW OFFICE OF F. BLAKE DIETZMANN, 2317 N. Main Avenue, San Antonio, Texas, 78212.


                s/Christopher H. Avery
                Christopher H. Avery