## CAUSE NO. B-17-1371-CV-A

| | | |
|---|---|---|
| **KEL LEE PROPERTIES INC.** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **36TH JUDICIAL DISTRICT** |
| | § | |
| **ESSEX INSURANCE COMPANY** | § | |
| **AND MICHAEL COX** | § | **BEE COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, KEL LEE PROPERTIES INC., hereinafter referred to as, "Plaintiff", complaining of ESSEX INSURANCE COMPANY, (hereinafter referred to as, "ESSEX"), and MICHAEL COX., (hereinafter referred to as "COX"), and files this, its Original Petition and for cause of action would respectfully show unto the Court the following:

### I. DISCOVERY-CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

### II. CLAIM FOR RELIEF

Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00 (Tex. R. Civ. P. 47(c)(4).)

### III. PARTIES

Plaintiff owns the building located at 119 N. Washington, Beeville, Texas 78102; Bee County, Texas.

Defendant, ESSEX INSURANCE COMPANY, hereinafter, ("ESSEX"), is a foreign surplus lines insurance company operating in the State of Texas.   Defendant, ESSEX Insurance Company's mailing address is listed on Texas Department of Insurance website as <u>4521 Highwoods Pkwy, Glen Allen, VA 23060-6148.</u> Defendant, ESSEX Insurance Company may be served with process by serving the Commissioner of Insurance, David Mattax, at the following address: 333 Guadalupe St., Austin, Texas 78701. *Please list Defendant, ESSEX's address (4521 Highwoods Pkwy, Glen Allen, VA 23060-6148), on Citation, per Texas Department of Insurance.*

<u>**SERVICE WILL BE OBTAINED BY PRIVATE PROCESS SERVER**</u>

Defendant, COX, is a natural person who resides in the State of Texas and may be served with process, at the following address <u>116 W. FM 2044, ALICE, TEXAS 78332.</u> *<u>SERVICE WILL BE OBTAINED BY PRIVATE PROCESS SERVER.</u>*

## IV. <u>AGENCY AND RESPONDEAT SUPERIOR</u>

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such act or thing, and it was done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## V. <u>CONDITIONS PRECEDENT</u>

All of the conditions precedent to bringing this suit under the policy and to the Defendants' liability to the Plaintiff under the policy for the claims alleged have been met or will be met.   All notices of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law.   In the

2

alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requests, Defendant waived them. Defendant is estopped from asserting them, and/or the Plaintiff substantially complied with them, or is excused. Plaintiff makes the same allegation of waiver or estoppel, as to every defense or exclusion plead by Defendant, as to each claim for breach of contract or statutory violation as to Defendants. Plaintiff complied with all terms and conditions of the policy, but its claims were nonetheless denied and/or partially denied. Such denials/partial denials and refusals to pay waive any further compliance with said policy by Plaintiff, and leave it free to sue for those benefits to which it is entitled that were denied, partially denied or underpaid.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code; the Texas Deceptive Trade Practices Act; for breach of contract, recovery under a policy of insurance and for Attorney Fees. Plaintiff is a consumer of Defendant, ESSEX, in that it purchased insurance from Defendant, ESSEX, and/or service to be provided by Defendant, ESSEX. Defendant, ESSEX and Defendant, COX, are individuals, corporations, associations, partnerships, or other legal entities engaged in the business of insurance. Defendant, ESSEX, and Defendant, COX, constitute persons as that term is defined in Chapter 541 of the Texas Insurance Code.

## VI. BACKGROUND FACTS

1. Plaintiff is the owner of Insurance Policy No. 2CT6566, issued by Defendant, ESSEX.

2. On or about June 12, 2015, Plaintiff reported a claim to Defendant, ESSEX, for interior and exterior damages to its building, located at 119 N. Washington, Beeville, Texas 78102, resulting from wind/hail.

3

3. Thereafter, Defendant, ESSEX, retained Brush Country Claims, who assigned Defendant, COX, to adjust the damages to Plaintiff's building.

4. On or about July 20, 2015, Defendant, ESSEX, DENIED Plaintiff's claim based on Defendant, COX'S, improper, inadequate and sub-standard investigation/inspection of the loss. The basis of Defendant, ESSEX's denial letter, based wholly on Defendant, Cox's, improper and inadequate inspection are blatant false statements and are clear misrepresentations of an insurance policy, as evidenced by the July 20, 2015 denial letter, which states, in part,

> "the inspection revealed no wind or hail damage to the roof or exterior walls of the bldg"
>
> "with the many recent storms, one of them had caused wind driven rain to enter........."
>
> "there was no damage observed to any ceilings, walls, or flooring in the interior of the structure"

## VII. CAUSE OF ACTION FOR BREACH OF CONTRACT

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action.

According to the Insurance Policy that Plaintiff purchased, Defendant, ESSEX, has the duty to investigate and pay Plaintiff policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of April 2015 wind and hail storm and/or ensuing losses from the April 2015 wind and hail storm, both of which are covered perils under the Policy, Plaintiff's property has been damaged.

4

Defendant, ESSEX, breached the insurance policy/contract with Plaintiff by failing to conduct a reasonable, adequate, thorough, and good-faith investigation of the damages to Plaintiff's building. Defendant, COX's biased, substandard investigation, as well as COX's failure and refusal, to conduct a reasonable investigation and to estimate all the of the covered damages, as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant, ESSEX's, contract with Plaintiff. Defendant, ESSEX's, failure to pay for the covered damages to Plaintiff's building, as Defendant is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant, ESSEX's, contract with Plaintiff. In addition, Defendant, ESSEX's, failure to timely pay Plaintiff for covered damages as required by the terms of Plaintiff's policy, constitutes a breach of contract. Furthermore, Defendant, ESSEX and Defendant, COX, failed to comply with the terms and conditions of the policy. As a result of Defendant, ESSEX's and Defendant, COX's acts and omissions, Defendant, ESSEX, breached the contract with Plaintiff. As a result of Defendant, ESSEX's breaches of contract, Plaintiff is entitled to attorney's fees under Chapter 38 of the Civil Practice and Remedies Code.

## VIII. Cause of Action for Violation of Section 542

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action.

Defendant, ESSEX, and Defendant, COX's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code.

Defendant, ESSEX, failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim,

and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant, ESSEX's, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

Defendant, ESSEX, failed to accept or deny Plaintiff's claim within the statutorily mandated time of receiving all necessary information. Defendant, ESSEX's, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

Defendant, ESSEX, failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received any payment for its claim. Defendant, ESSEX's, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

From and after the time Plaintiff's claim was presented to Defendant, ESSEX, the liability of Defendant, ESSEX, to pay the claim in accordance with the terms of the Policy was reasonably clear. However, Defendant, ESSEX, has refused to pay Plaintiff, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant, ESSEX's, conduct constitutes a breach of the common law duty of good faith and fair dealing.

Defendant, ESSEX and Defendant, COX, knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff, as evidenced by Defendant, COX's improper/inadequate inspection of the damages to Plaintiff's building and the July 20, 2015, Denial letter from

6

Defendant, ESSEX, based on Defendant, COX's, sub-standard investigation/inspection of the loss.

As a result of Defendants, ESSEX's and COX's, wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firms who are representing it with respect to these causes of action.

Plaintiff's experience is not an isolated case. The acts and omissions, Defendants, ESSEX, and COX, committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant, ESSEX, with regard to handling these types of claims. Defendant, ESSEX's, entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders. In addition, in the event it is determined that Defendants owe Plaintiff any additional monies on Plaintiff's claim, then Defendants have automatically violated Section 542 in this case.

## IX. CAUSE OF ACTION FOR BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action. By its acts, omissions, failures and conduct, Defendant, ESSEX, has breached its common law duty of good faith and fair dealing by failing to conduct a fair and reasonable investigation and by failing to pay the indemnity payments owed to Plaintiff, without any reasonable basis.

Defendant, ESSEX, has also breached this duty by unreasonably delaying/denying payment of Plaintiff's claim and by failing to settle Plaintiff's claim because Defendants, ESSEX and COX, knew or should have known that it was reasonably clear that the claim was covered. When Defendant, ESSEX, and Defendant, COX, and their agents engaged in the acts and

7

omissions stated in this petition and visited and inspected Plaintiff's property, in connection with Plaintiff's property damage, Defendant, ESSEX, and Defendant, COX, knew or should have known that Plaintiff had sustained significant amounts of exterior and interior damages to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policy.

Defendant, ESSEX and Defendant, COX, knew that a substantial covered loss was owed. Nonetheless, Defendants, ESSEX and COX denied, delayed, and failed to pay and properly investigate some or all of Plaintiff's covered losses with no reasonable basis. Defendant, ESSEX and Defendant, COX have failed to act promptly or to conduct a good faith investigation, as evidenced by Defendant, COX's, inadequate and unfair investigation, which was the basis for Defendant, ESSEX, denying Plaintiff's claim for damages, as evidenced in Defendant, ESSEX's July 20, 2015 denial letter.

These acts, omissions, failures, and conduct of Defendant, ESSEX and Defendant, COX, are a proximate cause of Plaintiff's damages.

## X. CAUSE OF ACTION FOR UNFAIR INSURANCE PRACTICES

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein. Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant, ESSEX and Defendant, COX, under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendant, ESSEX and Defendant, COX, have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this

8

petition plus Defendant, ESSEX's and Defendant, COX's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant, ESSEX's failure to pay for the repairs for the interior and exterior damages to Plaintiff's building, on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

## A. DEFENDANT, ESSEX

1. Defendant, ESSEX's, conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

2. Defendant, ESSEX's, unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Defendant, COX's, unfair, inadequate and substandard inspection/investigation, was the basis for Defendant, ESSEX's, denying Plaintiff's claim for damages, as evidenced by Defendant, ESSEX's, July 20, 2015 denial letter, stating, *"The inspection revealed no wind or hail damage to the roof or exterior walls of the bldg."*, *"there was no damage observed to any ceilings, walls, or flooring in the interior of the structure"*. Tex. Ins. Code §541.060(a)(1).

3. Defendant, ESSEX's, unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though ESSEX's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

4. Defendant, ESSEX's, unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

5. Defendant, ESSEX's, unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

9

6. Defendant, ESSEX's, unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

7. Defendant, ESSEX's, unfair settlement practice, as described above, of failing to handle or process the Plaintiff's claims in good faith; is in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988);

8. Defendant, ESSEX's, conduct, as described above was irresponsible, unconscionable, a violation of the Texas Insurance Code and took advantage of Plaintiff's lack of sophistication in Insurance matters to a grossly unfair degree, as evidenced by Defendant, COX's, unfair, inadequate and substandard inspection/investigation, was the basis for Defendant, ESSEX's, denying Plaintiff's claim for damages, as evidenced by Defendant, ESSEX's, July 20, 2015 denial letter, stating, *"The inspection revealed no wind or hail damage to the roof or exterior walls of the bldg.", "there was no damage observed to any ceilings, walls, or flooring in the interior of the structure".*

## B. DEFENDANT COX

1. Defendant, COX's, conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

2. Defendant, COX, is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Defendant, COX, because each is a "person" as defined by Tex. Ins. Code §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health Insurance counselor." Tex. Ins. Code §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

3. Defendant, COX's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Plaintiff's claim for the damages to its building was denied by Defendant, ESSEX, based on the inadequate, unfair and substandard inspection/investigation performed by Defendant, COX. In addition, further evidence of Defendant, COX's, unfair settlement practices is the July 20, 2015 letter from Defendant, COX, denying Plaintiff's claim which was based on the unfair and inadequate investigation COX performed on Plaintiff's property, which states, *"The inspection revealed no wind or hail damage to the roof or exterior walls of the bldg.", "there was no*

*damage observed to any ceilings, walls, or flooring in the interior of the structure"*. Tex. Ins. Code §541.060(a)(1). Defendant, COX's, disregard of obvious evidence of damages, including, but not limited to, the exterior, interior, roof, HVAC, ceiling, wall, flooring and COX's failure to conduct a fair investigation of Plaintiff's claim for the damages is actionable conduct under the Texas Insurance Code. Defendant, COX, violated the Texas Insurance Code by misrepresenting the coverages afforded in Plaintiff's policy of insurance. Defendant, COX's, misrepresentations, failure to conduct a fair and adequate investigation and failure to treat the Plaintiff fairly is conduct actionable under the Texas Insurance Code.

4. Defendant, COX's  unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance, as evidenced by, Defendant, COX, substandard inspection/investigation, and Defendant, ESSEX's, July 20, 2015 denial letter based on Defendant, COX's substandard inspection/investigation, stating, *"The inspection revealed no wind or hail damage to the roof or exterior walls of the bldg.", "there was no damage observed to any ceilings, walls, or flooring in the interior of the structure"*. Tex. Ins. Code §541.060(a)(2)(A).

5. The unfair settlement practice of Defendant, COX, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

6. Defendant, COX's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

7. Defendant, COX's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance, as evidenced by, Defendant, COX, substandard inspection/investigation, and Defendant, ESSEX's, July 20, 2015 denial letter based on Defendant, COX's substandard inspection/investigation, stating, *"The inspection revealed no wind or hail damage to the roof or exterior walls of the bldg.", "there was no damage observed to any ceilings, walls, or flooring in the interior of the structure"*.   Tex. Ins. Code §541.060(a)(7).

## C. DEFENDANT, ESSEX AND DEFENDANT, COX

Defendant, ESSEX and Defendant, COX, failed to conduct a fair and reasonable investigation.  Instead of evaluating the damages to Plaintiff's building objectively, Defendant,

ESSEX and Defendant, COX, looked for ways to Deny Plaintiff's claim, and conducted a pretextual investigation, as evidenced by the Defendant, COX's, unfair and inadequate inspection/investigation and Defendant, ESSEX's July 20, 2015 letter, stating in part, *"The inspection revealed no wind or hail damage to the roof or exterior walls of the bldg.", "there was no damage observed to any ceilings, walls, or flooring in the interior of the structure"*. At the time Defendant, COX, inspected and investigated Plaintiff's loss, it was reasonably clear that the damages to Plaintiff's Roof were more than superficial and would prevent the roof from continuing to function as a barrier from the elements to the same extent as it did before the damage occurred, which was or should have been evident to Defendant, COX, by the interior leaks.

Defendant, ESSEX, and Defendant, COX, violated the Texas Insurance Code by failing to fairly and reasonably adjust/investigate Plaintiff's exterior and interior wind/hail/water damages, resulting from a covered wind/hail storm.

Defendant, ESSEX and Defendant, COX, also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing.

All of the above-described acts, omissions, and failures of Defendant, ESSEX and Defendant, COX were done knowingly as that term is used in the Texas Insurance Code. These acts and omissions and failures are violations of Chapters 541 and 542 of the Texas Insurance Code. Defendant, ESSES, and Defendant, COX, violated Chapters 542 of the Texas Insurance Code, and are liable for the actual damages, penalties and attorney's fees provided for therein. Defendant, ESSEX, and Defendant, COX's, conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

12

## XI. DTPA CAUSE OF ACTION

By their acts, omissions, failures, and conduct that are described in this petition, Defendant, ESSEX, and Defendant, COX, have violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant, ESSEX's and Defendant's COX's violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment, payments and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the repair of Plaintiff's building on which liability had become reasonably clear, as evidenced by Defendant, ESSEX's, July 20, 2016 denial letter, which was based on Defendant, COX's inadequate, unfair and substandard investigation, which states, in part, *"The inspection revealed no wind or hail damage to the roof or exterior walls of the bldg."*, *"there was no damage observed to any ceilings, walls, or flooring in the interior of the structure"*.

## DEFENDANT ESSEX - DTPA VIOLATIONS

As described in this petition, Defendant, ESSEX, violated the Texas Deceptive Trade Practices Act, by representing to Plaintiff that Defendant, ESSEX's insurance policy and Defendant, ESSEX's, and Defendant, COX's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant, ESSEX, violated the Texas Deceptive Trade Practices Act, by representing to Plaintiff that Defendant, ESSEX's insurance policy and Defendant, ESSEX and Defendant, COX's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46

13

producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant, ESSEX were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## A. DEFENDANT COX - DTPA VIOLATIONS

Defendant, COX, violated the Texas Deceptive Trade Practices Act as described in this petition, by representing to Plaintiff that Defendant, ESSEX's, insurance policy and Defendant, ESSEX's, and Defendant, COX's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant, COX, represented to Plaintiff that Defendant, ESSEX's insurance policy and Defendant, ESSEX and Defendant, COX's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant, COX, represented to Plaintiff that Defendant, ESSEX's insurance policy and adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which give Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

Defendant, COX's, actions, as described in this petition, were unconscionable and took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree, as evidenced by Defendant, ESSEX's, July 20, 2015 Denial letter, which was based on Defendant, COX's inadequate, unfair and substandard investigation, stating, in part, *"The inspection revealed no wind or hail damage to the roof or exterior walls of the bldg.", "there was no*

15

damage observed to any ceilings, walls, or flooring in the interior of the structure". Defendant, COX, is liable to Plaintiff under the DTPA. Defendant, COX's, unconscionable conduct is a violation of the Texas Deceptive Trade Act. Defendant, COX's, misrepresentations, actions, inactions, and unconscionable conduct allows Plaintiff the right to sue Defendant, COX, and seek relief under Section 17.50(a)(3) of the DTPA;

Defendant, COX's, out-come oriented investigation was unfair, inadequate, and was carried out with a complete disregard for Plaintiff's rights to the insurance benefits afforded to Plaintiff under the policy of insurance with Defendant, ESSEX. Defendant, COX, inspected Plaintiff's building with the preconceived objective to Deny Plaintiff's claim for covered damages, which is evidenced in Defendant, ESSEX's, July 20, 2015 Denial letter. Defendant, COX's unconscionable conduct gives Plaintiff the right sue Defendant, COX, and seek relief under Section 17.50(a)(3) of the DTPA;

Defendant, COX's, misrepresentations, conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant, COX, are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant, COX, were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## XII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant, ESSEX and Defendant, COX have caused Plaintiff damages which include, without limitation, the cost to

16

repair Plaintiff's building and any investigative fees incurred in the claim. The conduct of Defendant, ESSEX and Defendant, COX, proximately caused the injuries and damages to the Plaintiff for which it herein sues.

Plaintiff is also entitled to recover damages as well as Attorney's fees under Chapter 38 of the Civil Practice and Remedies Code for Defendant, ESSEX's, Breach of Contract. Plaintiff is also entitled to recover the amount of its claim plus an 18% per annum penalty on that claim against Defendant, ESSEX, as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## XIII. ADDITIONAL DAMAGES

Defendant, ESSEX and Defendant, COX, have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant, ESSEX and Defendant, COX's, knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. In addition, the conduct of Defendant, ESSEX, and Defendant, COX, was committed knowingly, and therefore, under the circumstances constitutes willful and wanton and reckless disregard of the rights of the Plaintiff and others similarly situated. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XIV. EXEMPLARY DAMAGES

Defendant, ESSEX, and Defendant, COX's breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and

17

(b)(7) of the DTPA;

As described in this petition, Defendant, ESSEX violated the Texas Deceptive Trade Practices Act, by advertising its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant, ESSEX represented to Plaintiff that Defendant, ESSEX's insurance policy and adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which give Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

Defendant, ESSEX has breached an express warranty that the damage caused by a wind and hail storm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

Defendant, ESSEX's, actions, as described in this petition, are unconscionable and took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree, as evidenced by Defendant, ESSEX's, July 20, 2015 denial letter, which was based on Defendant, COX's inadequate, unfair and substandard investigation, stating, in part, "The inspection revealed no wind or hail damage to the roof or exterior walls of the bldg.", "there was no damage observed to any ceilings, walls, or flooring in the interior of the structure". Defendants, ESSEX's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA;

Defendant, ESSEX's, conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant, ESSEX, are a

14

welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XV. ATTORNEYS' FEES

As a result of Defendant, ESSEX's and Defendant, COX's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XVI.

Plaintiff asserts all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts. Plaintiff seeks from Defendants actual, additional, exemplary damages, as well as all other damages and penalties available at law.

## XVII. PRAYER

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial and tenders the statutory jury fee to the Clerk of the Court, along with the filing of the Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays, moves and respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, the

Honorable Court grant to the Plaintiff all such relief as to which it may show itself justly entitled, either at law or in equity, either general or special, including declaratory judgment against Defendant, ESSEX and Defendant, COX, judgment against the Defendants for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

LAW OFFICE OF F. BLAKE DIETZMANN

By: _____
F. Blake Dietzmann
State Bar No. 00795321
Rick Gonzales
State Bar No. 24045955
2317 N. Main
San Antonio, Texas 78212
Telephone: (210) 732-9900
Telecopier: (210) 732-9919
Email: rickgo1@sbcglobal.net
**ATTORNEYS FOR PLAINTIFF**

19

**CITATION - personal service - TRC 99**

THE STATE OF TEXAS:

Cause No. **B-17-1371-CV-A**

**ORIGINAL**

**KEL LEE PROPERTIES, INC.**

| **IN THE 36TH DISTRICT COURT**

VS.

| OF

**ESSEX INSURANCE COMPANY
AND MICHAEL COX**

| **BEE COUNTY, TEXAS**

TO: **ESSEX INSURANCE COMPANY, 4521 HIGHWOODS PKWY, GLEN ALLEN, VA 23060-6148.**
Defendant- GREETING

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer to PLAINTIFF'S ORIGINAL PETITION with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

The nature of PLAINTIFF'S ORIGINAL PETITION demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at **BEEVILLE,** Texas this **21st** day of **July 2017.**

Attorney for Plaintiff or Plaintiff:
**F. BLAKE DIETZMANN
ATTORNEY AT LAW
2317 N. MAIN
SAN ANTONIO, TEXAS 78212**

Clerk of the Court:
**ZENAIDA SILVA, DISTRICT CLERK
36TH DISTRICT COURT
P.O. BOX 666
BEE COUNTY, TEXAS 78104**

By _Clarissa Morin_ Deputy
**CLARISSA MORIN**

### OFFICER'S RETURN

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___ M and executed the ___ day of _____ 20____ by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___ M at _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being

[ ] Information received as to the whereabouts of defendant being

Fees ........... $_____

_____ Sheriff/ Constable / District Clerk
_____ County, Texas
By_____ Deputy

** Service by Rule 106 TRC if directed by attached Court Order
© TACSRS 2001    157/824

## CAUSE NO. B-17-1371-CV-A

| | | |
|---|---|---|
| KEL LEE PROPERTIES, INC | § | IN THE 36TH JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | OF |
| | § | |
| ESSEX INSURANCE COMPANY AND MICHAEL COX | § | |
| Defendant. | § | BEE COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared **Teresa Ramos** who, being by me duly sworn, deposed and said:

"The following came to hand on **August 1, 2017, 4:00 pm,**

#### CITATION & PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE,

and was executed on **August 8 2017** by mailing to **ESSEX INSURANCE COMPANY BY DELIVERING TO TEXAS DEPARTMENT OF INSURANCE COMMISSIONER OF INSURANCE** at **P.O BOX 149104, AUSTIN, TEXAS 78714**, by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. 7017 0530 0000 1154 0231, a true copy of this citation.

The regular mail envelope **WAS NOT** returned. PS Form 3811 was returned on **August 11, 2017** having been **SIGNED ON August 8, 2017** and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

**Teresa Ramos**
**SCH# 10049 Expires 11-30-18**
**Bexar County, Texas**

**BEFORE ME,** a Notary Public, on this day personally appeared Teresa Ramos, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON Aug. 16, 2017

**Notary Public, State of Texas**

RICHARD D. RAMOS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-29-2018
ID# 5334196



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Essex Insurance Company by delivering to the Texas department of insurance commissioner of insurance
P.O. Box 149104
Austin, Texas 78714

9590 9402 2960 7094 3445 96

2. Article Number (Transfer from service label)

7017 0530 0000 1154 0231

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Charlie Rodrigez          ☐ Agent
                            ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
   Charles Rodriguez A          08 2017
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com™

Certified Mail Fee $3.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required          $0.00
☐ Adult Signature Restricted Delivery $

Postage $1.61

Total Postage and Fees $

Sent To
Essex Insurance Company by
Street and Apt. No., or PO Box No.
P.O. Box 149104
City, State, ZIP+4®
Austin, Texas 78714

7017 0530 0000 1154 0231

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

CAUSE NO. B-17-1371-CV-A

| | | |
|---|---|---|
| KEL LEE PROPERTIES, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | BEE COUNTY, TEXAS |
| | § | |
| ESSEX INSURANCE COMPANY and | § | |
| MICHAEL COX, | § | |
| | § | |
| Defendant. | § | 36TH JUDICIAL DISTRICT |

## DEFENDANT EVANSTON INSURANCE COMPANY'S
## ORIGINAL ANSWER AND GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Evanston Insurance Company ("Evanston"), as successor by merger to Essex Insurance Company, files this Original Answer and General Denial to Plaintiff's Original Petition and would respectfully show as follows:

### I.     GENERAL DENIAL

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

### II.     PRAYER

Defendant requests that Plaintiff take nothing by its claims and that Defendant be granted any and all other relief to which it may show itself justly entitled.

Filed: 9/1/2017 9:54 AM
Zenaida Silva, District Clerk
Bee County, Texas
By: Annie Martinez, Deputy

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:  s/Cy Haralson

Cyrus W. Haralson
Texas State Bar No. 24065371
E-mail:  charalson@thompsoncoe.com
Christopher H. Avery
State Bar No. 24069321
E-mail:  cavery@thompsoncoe.com

One Riverway, Suite 1400
Houston, TX 77056
Telephone:  (713) 403-8210
Telecopy:  (713) 403-8299

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record, pursuant to the Texas Rules of Civil Procedure, on this the 1st day of September, 2017.

F. Blake Dietzmann
Rick Gonzales
2317 N. Main
San Antonio, Texas 78212

s/Christopher H. Avery
Christopher H. Avery

**DEFENDANT'S ORIGINAL ANSWER – PAGE 2**