UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEL LEE PROPERTIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-292 |
| | § | |
| EVANSTON INSURANCE COMPANY, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER REMANDING CASE

Plaintiff Kel Lee Properties, Inc. (KLP) filed this action against Defendants Essex Insurance Company (Essex) and its adjuster, Michael Cox (Cox) in the 36th Judicial District Court of Bee County, Texas. D.E. 1-5. At issue is an insurance claim for hail damage to a commercial real estate property, which Essex denied. KLP alleges state law claims of breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, unfair insurance practices, and violations of the Texas Deceptive Trade Practices Act.

On September 12, 2017, Evanston Insurance Company (Evanston), as successor by merger to Essex, removed the case to this Court pursuant to 28 U.S.C. § 1332 diversity jurisdiction. D.E. 1. In so doing, Evanston asserts that Cox, the only non-diverse Defendant, is improperly joined. Before the Court is KLP's Motion to Remand (D.E. 5), timely filed October 3, 2017, and Evanston's response (D.E. 7). It is undisputed that the amount in controversy requirement of § 1332 is satisfied. *See* D.E. 5-1, para. II. The motion is instead based upon KLP's assertion that it has viable claims against Cox

and that he was properly joined, thus defeating diversity jurisdiction. For the reasons set out below, the Court GRANTS the motion.

## DISCUSSION

### A. Standard of Review

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

Thus the motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). In other words, "the existence of even a single valid cause of action against

the in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Grey v. Beverly Enterprises–Mississippi, Inc.*, 390 F.3d 400, 412 & n. 11 (5th Cir. 2004) (and cases cited therein). To determine whether a plaintiff has a "reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009).

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*., 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

## B. Claim Against Cox

### 1. KLP Has Asserted a Viable Claim Against Cox

It is undisputed that KLP made a timely windstorm or hail damage claim against the Essex Commercial Property Insurance Policy, asserting exterior and interior damage to the structure on its property. Essex retained Brush Country Claims, which assigned Cox to investigate and adjust the claim. After conducting his inspection, Cox represented that there was no interior or exterior damage to the structure, other than wood rot at the base of the front entrance doors that also showed evidence of a previous repair. On the basis of Cox's representations, Essex denied coverage, stating that there was no damage within the policy coverage provisions. D.E. 5-2.

KLP contends that its structure sustained "obvious" damage, including damage to the roof, HVAC, ceiling, wall, and flooring. D.E. 5-1, p. 12. Cox made an improper, inadequate, and substandard investigation if he did not detect and report that hail damage to the property. KLP also alleges that Cox knowingly or recklessly made false

representations or knowingly concealed the truth of the hail damage, demonstrating a bias to assist the carrier, who paid for his services, in denying the claim. D.E. 5-1, pp. 5, 7-9.

Under the Texas Insurance Code's requirement of liberal construction[1] and in the express language of its pleading, KLP invokes the following prohibition:[2] misrepresenting to a claimant a material fact or policy provision relating to coverage at issue. Tex. Ins. Code §§ 541.060(a)(1), 541.151. D.E. 1-5, pp. 11-12. Such a claim may be made against an adjuster because adjusters are clearly included in the definition of "persons" engaged in the business of insurance for purposes of violation of the Texas Insurance Code. Tex. Ins. Code § 541.002(2). *See also, Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988). It is axiomatic that whether the insured suffered a loss is a material fact related to coverage of a claim. Therefore, claims regarding failure to properly inspect the property and failure to properly report the damages have been held to serve as appropriate factual allegations to support claims for Insurance Code violations against independent adjusters. *See, Centaurus Inglewood, LP v. Lexington Ins. Co.*, 771 F. Supp. 2d 667, 671-72 (S.D. Tex. 2011). This holds true here.

Evanston, apparently conceding that a claim for violation of the Texas Insurance Code may be made against an adjuster,[3] argues that the facts KLP pled are insufficient

---

[1] The code is to be construed liberally to effectuate its purpose of prohibiting unfair or deceptive acts or practices in the business of insurance. Tex. Ins. Code §§ 541.001, 541.008.

[2] KLP pleads other violations of the Texas Insurance Code and other causes of action against Cox. However, because it need only demonstrate one viable claim to prevail on its motion to remand, the Court need not, and does not, address the viability of the other claims.

[3] Evanston writes that "mere theoretical possibilities are not enough to support remand." D.E. 7, p. 2.

under the Federal Rules of Civil Procedure to sustain any such claim. *See generally*, Fed. R. Civ. P. 8; *Ashcroft*, 556 U.S. at 662 (interpreting the requirements of Rule 8); *Twombly*, 550 U.S. at 544 (same); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (on rehearing) (holding that the federal pleading rules apply to the evaluation of claims subject to a motion to remand). It challenges the pleadings as: (a) failing to defeat a presumption of agency, (b) asserting a claim that cannot be made against an adjuster, (c) failing to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b); and (d) stating a claim for a post-loss representation that cannot be causative of damages. The Court addresses each argument in turn.

### a. Agency

Evanston argues, without evidence, that Cox's actions are indistinguishable from Essex's actions because Cox was Essex's agent and thus insulated from liability. In support of this argument, it cites a single case: *Dalton v. State Farm Lloyd's, Inc.*, No. CIV.A. H-12-3004, 2013 WL 3157532, at *6 (S.D. Tex. June 19, 2013). In that case, the court acknowledged the existence of causes of action against adjusters, but held that the pleading was insufficient to distinguish the claims asserted against the adjuster from those asserted against the insurance carrier.

> For the most part the allegations merely track the statutory provisions, alleging only that Brown inspected the Property and that he submitted an undervalued repair estimate to State Farm. These actions can be accomplished by State Farm through an agent, and as such, are indistinguishable from State Farm's actions. No specific misrepresentation by Brown to Plaintiff is pleaded nor any specified deficiencies

> determined during his investigation or contained in his report are alleged. Plaintiff's conclusory claim against Brown, individually, for insufficient investigation and undervaluing the claim, presumably incorporated into a report to State Farm, is insufficient to establish the possibility of a claim against him individually . . . .

*Id*. This discussion applies a presumption of agency and constrains the nature and effect of the adjuster's actions in a manner that is not warranted by the standards of review for remand issues or pleading sufficiency. To support its conclusions, the *Dalton* court cites *Griggs v. State Farm Lloyds*, 181 F.3d 694, 702 (5th Cir. 1999).

In *Griggs*, the claim at issue was not against an adjuster, but against a sales agent. Some of the alleged misrepresentations were excused as mere puffery. Others were post-loss representations that the claim would be handled efficiently or other assurances having no causal relationship to the carrier's coverage decision or claim payment. *Griggs* does not support eliminating any distinction between an adjuster and a carrier. Unlike the sales agent, the adjuster communicates the facts upon which the carrier relies in making its coverage decisions. To suggest that there is no distinction between the adjuster and the carrier in this regard is to either eliminate the otherwise recognized causes of action in the law applicable to adjusters (discussed above) or to make carriers fully liable for the actions of adjusters regardless of employment or independent contractor status. Nothing in *Griggs* supports either conclusion.

Here, there are allegations that Cox engaged in individual conduct—representing that there was no loss despite obvious evidence of damage to the structure—to support his liability as an adjuster. The Court declines to follow *Dalton* and rejects Evanston's

argument, based solely upon the pleadings, that KLP's claim against Cox fails because Cox was necessarily nothing more than Essex's agent.

### b. Insurance Code § 541.060(a)(1) Applies to Adjusters

KLP argues that the insurance code prohibition against misrepresentations of material facts or policy provisions related to coverage only applies to insurance carriers and not to adjusters. This argument is based upon case law that has developed in the United States District Court for the Northern District of Texas, represented here by: *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016), *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, No. 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016), and *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Those cases state that § 541.060(a)(1) claims cannot be asserted against adjusters. This Court declines to follow these cases.

The cited cases relied on *United States Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994), and the cases upon which it relied. *Confederate Air Force* did not involve an adjuster's misrepresentation about material facts related to whether there was a loss that was covered. Neither did the two cases it cited: *Parkins v. Texas Farmers Ins. Co.*, 645 S.W.2d 775, 776–77 (Tex. 1983) and *Employers Casualty Co. v. Fambro*, 694 S.W.2d 449, 452 (Tex. App.—Eastland 1985, writ ref'd n.r.e.). Rather, all three cases were about whether the carrier or sales agent misrepresented policy limits, coverage, or other policy terms. The Fifth Circuit carefully defined the issue:

> In order to find misrepresentation ***in the instant case***, the jury would have had to find either that U.S. Fire represented that CAF would receive a particular kind of policy that it did not receive or that it denied coverage against loss under specific circumstances that it previously had represented would be covered.

*Confederate Air Force*, 16 F.3d at 91 (emphasis added). The issue decided did not purport to determine the entire contour of Insurance Code § 541.060(a)(1) or the potential liability of adjusters.

Thus, nothing about the issue decided in *Confederate Air Force* or in the cases it relied on limits Insurance Code claims so as to exclude liability for misrepresenting a material fact regarding the existence of a loss covered by the policy. The wholesale elimination of a § 541.060(a)(1) claim against the adjuster is contrary to the plain language of the statute and the statutory directive to construe its terms liberally to prohibit unfair or deceptive insurance practices—of which the false denial of a covered loss is one. Texas Insurance Code § 541.060(a)(1) applies to an adjuster who misrepresents a material fact related to the coverage of a claim, such as the factual denial that the insured suffered a loss.

### c. Rule 9(b) Pleading Requirements Do Not Apply

Evanston argues that the claim is insufficient because it must be pled with particularity under Federal Rule of Civil Procedure 9(b). Ordinarily, Rule 9(b) applies only to claims of fraud or mistake; a negligent misrepresentation claim is outside its scope. *E.g., Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). However, in the absence of a plaintiff's effort to distinguish them, if negligent misrepresentation

and fraud claims are based on the same facts, courts will impose the heightened pleading requirements on the interwoven claims. *Id*. Rule 9(b) does not apply here.

First, the pleading does not contain a cause of action for fraud against Cox. D.E. 5-1. So there is no interwoven claim that is subject to Rule 9(b). Second, while there are claims that Cox acted knowingly and intentionally, "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Third, the standard of review for questions of remand requires the Court to determine whether any claim is viable. *Griggs*, 181 F.3d at 699. It is appropriate, then, for the Court to evaluate the negligent misrepresentation claim in isolation. Applying the pleading standards of Rule 8, *Twombly*, and *Iqbal*, the Court holds that KLP has pled sufficient facts that its § 541.060(a)(1) claim is plausible. The pleading is not insufficient to support a claim requiring remand.

### d. KLP's Claim is Not Lacking Causation

Evanston claims that nothing Cox did or said is actionable because his work was done post-loss and could not have caused any damages. This argument is misplaced. First, Evanston cites *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *11 (S.D. Tex. Jan. 20, 2011). The only reference to the post-loss causation argument was in that court's recitation of the arguments the defendant carrier made in that case. *Id*. It does not represent a holding in that decision. Rather, the holding set out under a separate subheading was based entirely upon the court's assessment of the sufficiency of the factual allegations to distinguish the claim against the adjuster from that against the carrier. It had nothing to do with post-loss causation issues.

Importantly, the other post-loss opinions on which Evanston relies demonstrate the inapplicability of the argument to the facts of this case. Non-causative, post-loss representations are those in which the carrier represents that a loss that the insured has already suffered is covered and it is later determined to be a non-covered loss. *See, Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 (Tex. 1998) (pre-approval of surgery as a covered procedure not actionable when carrier had not been fully informed and the condition being treated was pre-existing and not covered and there was no evidence of detrimental reliance in the time between the representation and final coverage decision); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694 (Tex. 1979) (post-loss misrepresentation that a non-covered risk was covered was not actionable).

The opinion in *W. Texas Agriplex v. Mid-Continent Cas. Co*., No. CIV.A. 5:03-CV-199-C, 2004 WL 1515122, at *13 (N.D. Tex. July 7, 2004) states that "an insured normally cannot bring a misrepresentation claim for any alleged representations made after a loss." Legally, that statement relies upon citation to *Provident* and *Royal Globe*, discussed above, which do not support such a broad categorical statement. Factually, *W. Texas Agriplex* is distinguishable from the claim made here. There, the carrier first accepted coverage of the claim and tendered policy benefits. Without withdrawing that tender, it argued that the claim was not covered. Under those circumstances, the court held that there was no actionable misrepresentation as the policy benefits were made fully available at all times—there were no damages caused by the misrepresentation.

*W. Texas Agriplex* also relies upon *Lexington Ins. Co. v. Bennett Evans Grain Co.*, 642 F. Supp. 78, 83 (S.D. Tex. 1986). The alleged misrepresentation in that case was an offer to settle the claim for a certain amount, treating it as covered. Later, the carrier denied coverage. The court held that the claim did not fit the DTPA cause of action pled, which necessarily involved a representation regarding the policy terms prior to the insured's purchase of the policy. Thus none of Evanston's cases or the authorities upon which they rely support the categorical denial of KLP's claim.

Here, the allegation is that Cox denied that KLP had suffered any loss. According to the pleading, this denial has caused KLP to incur damages in addition to those required to compensate for that loss, in the form of investigation fees to prove there was a covered loss and attorney's fees as damages. Evanston has not satisfied its burden to show that such damages cannot support a claim.

## CONCLUSION

For the reasons set out above, the Court holds that Evanston has not satisfied its heavy burden to demonstrate that no viable claim has been stated against non-diverse Defendant Cox. Without diversity of citizenship, this Court does not have jurisdiction over the state law claims made in this action. Consequently, Plaintiff KLP's motion to remand is GRANTED and this action is remanded to the 36th Judicial District Court of Bee County, Texas, the court from which it was removed.

ORDERED this 4th day of January, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE